IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ORLANDO CRESWELL, | No. C-14-0644 TEH (PR) |
| Petitioner, | |
| v. | ORDER TO SHOW CAUSE; GRANTING LEAVE TO PROCEED IN FORMA PAUPERIS |
| GARY SWARTHOUT, Warden, | |
| Respondent. | (Doc. #2) |

Petitioner, Orlando Creswell, a state prisoner incarcerated at California State Prison – Solano, has filed a <u>pro se</u> Petition for a Writ of Habeas Corpus under 28 U.S.C. § 2254 challenging a judgment of conviction from the Santa Clara County Superior Court. Doc. #1. Petitioner also seeks leave to proceed <u>in forma pauperis</u>. Doc. #2.

I

On May 7, 2010, Petitioner was sentenced to fifty years to life, plus thirty-one years, in state prison following his convictions of two counts of robbery in an inhabited place, first degree burglary and battery. The California Court of Appeal upheld

the conviction, but remanded the case for resentencing. See People v. Mata, et al., No. H035445, 2011 WL 3652528, *12-13 (Cal. Ct. App. Aug. 19, 2011). The Court of Appeal found an error in the procedure by which the prior conviction allegations were found to be true. (See id.) Specifically, the evidence of the priors consisted of Petitioner's admission on cross-examination in the case in chief that he had sustained the priors. (See id.) The jury was dismissed and the court then sentenced Petitioner based on the assumption that the priors had been proven. (See id.) The jury, however, was never instructed to make findings on the priors. (See id.)

The Court of Appeal concluded that Petitioner had waived his state right to a jury trial on the priors by failing to object to the discharge of the jury. (See id.) The court remanded the matter, however, so that Petitioner could have a court trial on the priors and remanded for resentencing. (See id.)

On remand the trial court held a bench trial on the priors, found the priors were proved, and sentenced Petitioner as before. See People v. Creswell, No. H038097, 2013 WL 2361011, *1 (Cal. Ct. App. May 30, 2013). Petitioner appealed. (See id.) While the appeal was pending, Petitioner filed an earlier habeas petition in this Court, Creswell v. Brazelton, No. C 12-6219 TEH, challenging the earlier determination of the Court of Appeal that he had waived his right to a jury trial and challenging the remand. The Court ordered Respondent to show cause. Respondent has filed an answer to the petition in Case No. C 12-6219 TEH, and Petitioner has filed a traverse.

In the instant action (Case No. C 14-644 TEH), Petitioner

2

claims he was denied his Sixth Amendment right to a speedy trial when the trial court failed to bring the action to retrial within 60 days of the Court of Appeal's remand.  Petitioner indicates this claim was exhausted in his appeal in Court of Appeal case no. H038097.  Doc#1 at 2.

## II

This Court may entertain a petition for a writ of habeas corpus "in behalf of a person in custody pursuant to the judgment of a State court only on the ground that he is in custody in violation of the Constitution or laws or treaties of the United States."  28 U.S.C. § 2254(a).  It shall "award the writ or issue an order directing the respondent to show cause why the writ should not be granted, unless it appears from the application that the applicant or person detained is not entitled thereto."  Id. § 2243.  An application for a federal writ of habeas corpus filed by a prisoner who is in state custody pursuant to a judgment of a state court must "specify all the grounds for relief which are available to the petitioner . . . and shall set forth in summary form the facts supporting each of the grounds thus specified."  Rule 2(c) of the Rules Governing Section 2254 Cases, 28 U.S.C. foll. 2254.  "'[N]otice' pleading is not sufficient, for the petition is expected to state facts that point to a 'real possibility of constitutional error.'"  Rule 4 Advisory Committee Notes (quoting Aubut v. Maine, 431 F.2d 688, 689 (1st Cir. 1970)).

Liberally construed, Petitioner's speedy trial claim appears cognizable under 28 U.S.C. § 2254 and merits an Answer from Respondent.  See Zichko v. Idaho, 247 F.3d 1015, 1020 (9th Cir.

3

2001) (federal courts must construe pro se petitions for writs of habeas corpus liberally).

### III

For the foregoing reasons and for good cause shown,

1. Petitioner's request to proceed <u>in forma pauperis</u> (Doc. #2) is GRANTED.

2. The Clerk shall serve by certified mail a copy of this Order and the Petition, and all attachments thereto (i.e., Doc. #1), on Respondent Swarthout and Respondent's attorney, the Attorney General of the State of California. The Clerk also shall serve a copy of this Order on Petitioner.

3. Respondent shall file with the Court and serve on Petitioner, within sixty-three (63) days of the issuance of this Order, an Answer conforming in all respects to Rule 5 of the Rules Governing Section 2254 Cases, showing cause why a writ of habeas corpus should not be granted. Respondent shall file with the Answer and serve on Petitioner a copy of all portions of the state trial record that have been transcribed previously and that are relevant to a determination of the issues presented by the Petition.

If Petitioner wishes to respond to the Answer, he shall do so by filing a Traverse with the Court and serving it on Respondent within thirty-five (35) days of his receipt of the Answer.

4. In lieu of an Answer, Respondent may file a Motion to Dismiss on procedural grounds, as set forth in the Advisory Committee Notes to Rule 4 of the Rules Governing Section 2254 Cases. If Respondent files such a motion, Petitioner shall file with the Court and serve on Respondent an Opposition or Statement of

**4**

Non-Opposition within thirty-five (35) days of receipt of the motion, and Respondent shall file with the Court and serve on Petitioner a Reply within fourteen (14) days of receipt of any Opposition.

     5.    Petitioner is reminded that all communications with the Court must be served on Respondent by mailing a true copy of the document to Respondent's counsel.  Petitioner also must keep the Court and all parties informed of any change of address by filing a separate document entitled "Notice of Change of Address."

     6.    This Order terminates docket number 2.

IT IS SO ORDERED.

DATED     05/15/2014

THELTON E. HENDERSON  
United States District Judge

G:\PRO-SE\TEH\HC.14\Creswell 14-644 OSC.wpd

5