1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

United States District Court
For the Northern District of California

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

ORLANDO CRESWELL,                          No. C-14-0644 TEH (PR)

            Petitioner,

                                           ORDER DENYING PETITION FOR WRIT
            v.                             OF HABEAS CORPUS; DENYING
                                           CERTIFICATE OF APPEALABILITY
GARY SWARTHOUT, Warden,

            Respondent.

_____/

        Orlando Creswell, a California prisoner, has filed this
pro se petition for a writ of habeas corpus pursuant to 28 U.S.C.
§ 2254 challenging a judgment of conviction from Santa Clara County
Superior Court.  Respondent was ordered to show cause why the
petition should not be granted.  Respondent has filed an answer and
Petitioner has filed a traverse.  For the reasons set forth below,
the petition is DENIED.

                                    I

        On October 30, 2009, Petitioner and his co-defendant Raul
Mata were convicted by a jury of multiple offenses related to
several violent robberies which they committed.  Docket No. 1 at 2

and <u>People v. Creswell</u>, No. H038097, 2013 WL 2361011, at *1 (Cal. Ct. App. May 30, 2013).  With the addition of recidivist enhancements, Petitioner was sentenced to a term of 50 years to life with a consecutive sentence of 31 years.  Docket No. 1 at 2 and <u>Creswell</u>, 2013 WL 2361011, at *1.  Petitioner appealed the conviction and sought habeas relief.  <u>People v. Mata, et al.</u>, Nos. H035445 and H036777, 2011 WL 3652528 (Cal. Ct. App. Aug. 19, 2011), <u>as modified on denial of reh'g</u> Sept 16, 2011.  On August 19, 2011, the appellate court upheld the conviction but remanded the case for a court trial on his prior convictions and for resentencing. <u>Creswell</u>, 2013 WL 2361011, at *1.  The remittitur issued on November 18, 2011 and was filed by the trial court on November 21, 2011.  <u>Id.</u> On March 16, 2012, the trial court found that the prior convictions were true and imposed the same sentence as before.  <u>Mata</u>, 2011 WL 3652528.  Petitioner appealed the trial court's decision and the appellate court denied the appeal, <u>Creswell</u>, 2013 WL 2361011; and the California Supreme Court denied review, Docket No. 8, Ex. J.  On February 12, 2014, Petitioner filed the instant federal petition.

## II

The following relevant factual background is taken from the California Court of Appeal's May 30, 2013 order denying the appeal:

> We filed our opinion on August 19, 2011 (<u>People v. Mata et al.</u>, H035445 [nonpub. opn.]), and a modification on September 16, 2011.  On November 16, defendant appeared for trial and asked for a Marsden[2] hearing.  The trial court agreed to continue the matter until November 30 "for Marsden and court trial.  [¶]  Assuming that the Marsden isn't granted, we'll do the court trial on that day."  At this point, defense counsel offered: "Although there may be issues from that that would prevent you from going

forward with the court trial." And the trial court agreed: "It's possible. I want to put it on for both just for efficiency purposes. And we'll see whether we can go ahead or not depending on the outcome of the Marsden or anything else." The trial court's minute order records the continuance to November 30 for "Marsden/Court Trial" and denotes that defendant was "serving sentence."

> Fn 2: <u>People v. Marsden</u> (1970) 2 Cal.3d 118 (right to discharge appointed counsel for inadequate representation and substitute another appointed counsel).

On November 18, 2011, we issued our remittitur, and the trial court filed it on November 21. On November 23, the trial judge's clerk signed a "request for action" form for the trial judge's "review and instruction" that essentially informed the trial judge of the reversal and the remand for trial. On November 30, defendant appeared in court with his counsel. There is no reporter's transcript of the proceedings. The trial court's minute order indicates that the hearing on the Marsden motion was taken off calendar. There is no record of the trial's disposition except the notation that "DEFENDANT ORDERED TO RETURN TO CALPATRIA STATE PRISON NO LONGER NEEDED."

On February 7, 2012, the trial judge signed the request-for-action form and ordered a hearing set for February 17. At the hearing, defendant moved to dismiss the allegations on the ground that 91 days had passed since our remittitur and there was no good cause for the delay. The trial court disagreed and denied the motion: "Except that's why it got on record, it was defense request at that time. So that nullifies that argument. I made sure he got on record. It was defense request for continuance." Defendant nevertheless offered: "[Defendant] would politely respond he was not under the jurisdiction of this court and therefore could not waive such rule and the court didn't have the authority to waive that rule, therefore he would again request that the charge be dismissed or allegation be dismissed in the interest of justice." To this, the trial court repeated: "Denied and it was also his request on record personally. That negates any timeliness issue. I need to set a date when you're going to be ready on your court trial on the priors. [¶] ... [¶] ... The only thing I'm going to litigate is the court trial which we tried to do in November but he delayed it through his request that there was something pending in the Supreme Court." It then set trial for March 16.

At trial, defendant repeated his motion to dismiss, and the trial court detailed the following: "Here's my time

table I have here, it's similar to yours.  We brought him back November 16th and he requested a Marsden.  We then — and he was asking for some time to prepare.  [¶]  On November 30th we set the next court date for the Marsden and possibly the court trial and it reads in our minute order 'Marsden/Court Trial set on 11-30 on 1:30.'  It was represented on record that the defendant indicated that through his attorney that he was still on appeal, there was a new appeal and that we could not go forward and there was an agreement on record that by the attorneys and then the court to not go forward because he believed he still had a valid appeal pending.  [¶]  I got that agreement on record and then everybody agreed to have him ordered returned to Calipatria State Prison until the matter was settled.  [¶] ... [¶] ... It was that it was at defense request not to proceed with the Marsden or court trial on 11-30 which was after the remitter [sic] was issued.  [¶]  And therefore the defense delayed it in their own, on their own by asking not to proceed and it be sent back."

Defendant later added the following: "And that was the hearing that was set on November 30th at 1:30 in this department and on that date [defendant] withdrew his request for a Marsden and the matter was taken off calendar.  [¶]  [Defendant] did not waive any time as to when the matter should be heard pending issuance of the remitter [sic].  In fact, I heard from his appellate attorney, he told me that there may be some action on the appeal, don't do anything on the case until we've heard that.  [¶]  So soon after November 30th I realized or I received word from [defendant's] attorney that the remitter [sic] had issued.  But in no way does any request that we made on November 30th or in our opinion comprise a waiver of that 60 day statutory period."

People v. Creswell, 2013 WL 2361011, at *1-*3.

III

This Court may entertain a petition for a writ of habeas corpus "in behalf of a person in custody pursuant to the judgment of a State court only on the ground that he is in custody in violation of the Constitution or laws or treaties of the United States."  28 U.S.C. § 2254(a); Rose v. Hodges, 423 U.S. 19, 21 (1975).

The Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA") amended § 2254 to impose new restrictions on federal

4

United States District Court

For the Northern District of California

habeas review.  A petition may not be granted with respect to any claim that was adjudicated on the merits in state court unless the state court's adjudication of the claim: "(1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or (2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding."  28 U.S.C. § 2254(d).

"Under the 'contrary to' clause, a federal habeas court may grant the writ if the state court arrives at a conclusion opposite to that reached by [the Supreme] Court on a question of law or if the state court decides a case differently than [the] Court has on a set of materially indistinguishable facts."  Williams (Terry) v. Taylor, 529 U.S. 362, 412-13 (2000).  "Under the 'unreasonable application' clause, a federal habeas court may grant the writ if the state court identifies the correct governing legal principle from [the] Court's decisions but unreasonably applies that principle to the facts of the prisoner's case."  Id. at 413.

"[A] federal habeas court may not issue the writ simply because that court concludes in its independent judgment that the relevant state-court decision applied clearly established federal law erroneously or incorrectly.  Rather, that application must also be unreasonable."  Id. at 411.  A federal habeas court making the "unreasonable application" inquiry should ask whether the state court's application of clearly established federal law was "objectively unreasonable."  Id. at 409.  Moreover, in conducting

United States District Court

For the Northern District of California

1    its analysis, the federal court must presume the correctness of the

2    state court's factual findings, and the petitioner bears the burden

3    of rebutting that presumption by clear and convincing evidence.  28

4    U.S.C. § 2254(e)(1).  As the Court explained: "[o]n federal habeas

5    review, AEDPA 'imposes a highly deferential standard for evaluating

6    state-court rulings' and 'demands that state-court decisions be

7    given the benefit of the doubt.'"  <u>Felkner v. Jackson</u>, 131 S. Ct.

8    1305, 1307 (2011).

9        When applying these standards, the federal court should

10   review the "last reasoned decision" by the state courts.  <u>Avila v.</u>

11   <u>Galaza</u>, 297 F.3d 911, 918 n.6 (9th Cir. 2002).  In Petitioner's

12   case, the last reasoned decision addressing the claim in the instant

13   petition is the California Court of Appeal's May 30, 2013 opinion.

14        With these principles in mind regarding the standard and

15   scope of review on federal habeas, the Court addresses Petitioner's

16   claim.

17                      IV

18        Petitioner argues that the 91-day[1] delay after the

19   remittitur violated his right to a speedy trial under the Sixth

20   Amendment.[2]  The California Court of Appeal denied his speedy trial

21

22
23       [1]Petitioner calculates the delay by counting the days from the date when the remittitur was issued by the appellate court, rather than from the date the trial court filed the remittitur.

24
25       [2]Petitioner also argues that the state court incorrectly applied section 1381 of the California Penal Code to his situation.

26 Docket No. 1 at 9 and Docket No. 9 at 3.  This is a state law claim and therefore not cognizable in federal habeas.  Federal habeas relief is unavailable for violations of state law or for alleged

27 error in the interpretation or application of state law.  <u>See</u> <u>Swarthout v. Cooke</u>, 131 S. Ct. 859, 861-62 (2011).

28

claim as follows:

> "California has enacted a series of statutes, commencing with Penal Code section 1381, which are a construction and implementation of the California Constitution's speedy trial guarantee  (Cal. Const., art. I, § 15).  [Citation.]  'No affirmative showing of prejudice is necessary to obtain a dismissal for violation of the state constitutional speedy trial right as construed and implemented by statute.  [Citation.]  Instead, "an unexcused delay beyond the time fixed in section 1382 of the Penal Code without defendant's consent entitles the defendant to a dismissal."'"  (People v. Villanueva (2011) 196 Cal.App.4th 411, 422 (Villanueva).)

> Section 1382, subdivision (a)(2), provides, in pertinent part, that the trial court "unless good cause to the contrary is shown, shall order the action to be dismissed ... [i]n a felony case, when a defendant is not brought to trial ... within 60 days ... after the filing of the remittitur in the trial court."  "'Good cause within the meaning of section 1382 exists, for example, when the delay beyond the statutory period is caused by the conduct of the defendant or occurs for his or her benefit....'"  (Villanueva, supra, 196 Cal.App.4th at p. 424.)  Section 1382, subdivision (a)(2), specifically codifies this concept by providing that "an action shall not be dismissed" if (1) the defendant enters a general waiver of the 60-day requirement, or (2) the defendant "requests or consents to the setting of a trial date beyond the 60-day period."  (§ 1382, subd. (a)(2)(B).)

Defendant argues that "There is no substantial evidence the delay was caused by [him] as the court mistakenly found."  According to defendant, the trial court had no jurisdiction to proceed on November 16, 2011, because the remittitur had not yet been issued, "The minutes [of November 30] reflect no motions for continuance or otherwise on that date," and the trial court "did not intend or try to proceed with the trial" on November 30.[3]  He concludes that "there was no legitimate basis for the delay" between the filing of the remittitur and trial.  Defendant's analysis is erroneous.

> Fn 3: Defendant places significance upon that "There was no reporter and no prosecutor."  However, a reporter presumably would have been summoned had the Marsden hearing proceeded and a prosecutor presumably would have been summoned had the trial proceeded after the Marsden hearing.

One the most familiar rules of California appellate procedure is that the decision of the trial court is

United States District Court
For the Northern District of California

7

presumed to be correct.  The existence of error "'"is never presumed, but must be affirmatively shown...." ... '[A]ll presumptions and intendments are in favor of the regularity of the action of the lower court in the absence of a record to the contrary.'"  (People v.Green (1979) 95 Cal.App.3d 991, 1001, quoting People v.Clifton (1969) 270 Cal.App.2d 860, 862; In re Raymundo B. (1988) 203 Cal.App.3d 1447, 1452; see People v.White Eagle (1996) 48 Cal.App.4th 1511, 1523, quoting People v.Garcia (1987) 195 Cal.App.3d 191, 198 ["We must indulge in every presumption to uphold a judgment, and it is defendant's burden on appeal to affirmatively demonstrate error—it will not be presumed."]; People v.Nitschmann (1995) 35 Cal.App.4th 677, 684 ["Error is never presumed and appellant has the burden to show error."].)  This rule requires us to conclude, in the absence of an affirmative showing to the contrary, that the trial court did the right thing for the right reasons.

In the present context this means that, we must indulge in the presumption that official duty is regularly performed.  (Evid. Code, § 664.)  Defendant bears the burden of overcoming this presumption of regularity and must affirmatively show that official duty was not regularly performed.  (Id. § 606.)  If the record is ambiguous, we must resolve the issue against the appellant.  (People v. Sullivan (2007) 151 Cal.App.4th 524, 549.)

Defendant's challenge is based on the supposition that the trial court unilaterally ordered the trial off calendar or simply forgot about the trial after it ordered the Marsden motion off calendar.  But this presumes that the trial court failed to perform its official duty to hold a trial on the allegations — a trial that the court unambiguously set for November 30, 2011.  Defendant cites no support for his supposition in the record and merely speculates that the trial court overlooked the scheduled trial.  Defendant therefore fails to carry his appellate burden.

In any event, the record can be interpreted to show that no error occurred.

At the hearing on February 17, 2012, the trial court recalled that, at the Marsden hearing, defendant had requested a trial continuance because there was something pending in the Supreme Court.  And, at trial, the trial court recalled that, at the Marsden hearing, defense counsel represented that there was no jurisdiction to proceed because the case was still on appeal.  Responding to the court's trial recollection, defense counsel conceded that, at the Marsden hearing, he supposed from

defendant's appellate attorney that the remittitur still had not issued (remittitur supposition).[4]  Thus, the trial court's recollection that defense counsel had a remittitur supposition at the Marsden hearing is consistent with counsel's concession that he had a remittitur supposition at the Marsden hearing.  Since the trial court knew of counsel's remittitur supposition on February 17, the inference is compelling that counsel communicated his remittitur supposition to the trial court before February 17.  And, since the hearing before February 17 was the Marsden hearing, the inference is equally compelling that counsel communicated his remittitur supposition at the Marsden hearing.  Thus, the record supports that, at the Marsden hearing, defense counsel communicated his remittitur supposition to the trial court either by merely representing that the case was still on appeal, requesting an off-calendar disposition because the case was still on appeal, or objecting to trial because the case was still on appeal. In any form, counsel's communicated remittitur supposition at the Marsden hearing was the equivalent of a request for or consent to the setting of a trial date beyond the 60-day period.

> Fn 4: In this appeal, defendant concedes that the trial court also "appears to have been unaware [that the remittitur] had already happened."

We nevertheless observe the following.

"The 60-day period [of section 1382] applies only ... when the accused is not otherwise incarcerated....  In all instances where the accused is incarcerated, the 90-day provisions of sections 1381 and 1381.5 apply." (Sykes v. Superior Court (1973) 9 Cal.3d 83, 89, fn. 6.)

Relying on Sykes, the People make a convincing argument that the governing statute in this case is section 1381 rather than section 1382.  Section 1381 applies "[w]henever a defendant has been convicted, in any court of this state, of the commission of a felony ... and has been sentenced to and has entered upon a term of imprisonment in a state prison ..., and at the time of the entry upon the term of imprisonment ... there is pending, in any court of this state, any other indictment, information, complaint, or any criminal proceeding wherein the defendant remains to be sentenced."  In such a case, the People are required to bring the defendant to trial within 90 days after the defendant "shall have delivered to [the] district attorney written notice of the place of his or her imprisonment ... and his or her desire to be brought to trial ... unless a continuance beyond the 90 days is

requested or consented to by the [defendant], in open court....”   (§ 1381.)

In other words, when a defendant is already serving a prison sentence, the defendant's statutory entitlement to a speedy trial depends upon the defendant's written assertion of that right.

"Whether Penal Code section 1381 applies in this instance appears to depend upon the meaning of the word 'other' in the phrase 'any other indictment, information, [or] complaint'; specifically, whether 'other' includes other charges arising out of the same information which led to the sentence on which the defendant was imprisoned. While research has disclosed no authority addressing the issue, People v. Jacobs (1972) 27 Cal.App.3d 246, which found no equal protection violation in the different treatment of defendants subject to Penal Code section 1381 and those subject to Penal Code section 1382, is instructive.   [¶]   '[T]he persons described in the respective statutes are not in like circumstances. Section 1382 applies to persons who are not currently serving time as defined in section 1381.   Essentially, section 1382 applies to persons awaiting trial who are either out on bail while awaiting trial or who are bailable, or who are serving misdemeanor sentences of less than 90 days.   While both sections contemplate a speedy trial [citation], the danger of suffering imprisonment during delay is not present where a person is already incarcerated as provided in section 1381. [Citation.]   We perceive also that a person who is undergoing a prison sentence may prefer not to go to trial while a prisoner because of the possibility that his status as such a prisoner might prejudice his trial. We apprehend, too, that there may be other tactical reasons why a prisoner may not desire to be tried for the new charge while serving time.   In any event the law grants such a prisoner his options.   He may seek an early trial by making a demand for trial as prescribed by section 1381 or he may elect to defer the making of such demand until he deems it expedient to do so.'"   (Villanueva, supra, 196 Cal.App.4th at p. 423, fn. 12.)

Under this rationale, because our reversal did not affect defendant's convictions on the substantive offenses and theoretically allow for bail, defendant was imprisoned because of his convictions and his speedy trial rights were defined by section 1381, not section 1382.   His failure to assert his speedy trial rights by requesting a trial on the enhancement allegations eliminates any burden on the People to bring the allegations to trial. (But see People v. Martin (1978) 87 Cal.App.3d 573, 575 ["when a conviction is affirmed but remanded to the trial

United States District Court
For the Northern District of California

court to give the People an opportunity to prove the alleged 'priors,' that upon the filing of the remittitur Penal Code section 1382, subdivision 2 applies" — dictum] (<u>Martin</u>).)[5]

> Fn 5: The seeming holding in <u>Martin</u> was dictum because the principle was not at issue.  The defendant in <u>Martin</u> had successfully moved under section 1382 to dismiss remanded allegations, and the People had filed an amended information for the purpose of bringing the allegations to trial.  The trial court then dismissed the amended information.  On appeal from the order dismissing the amended information, "The People [did] not contend that the [section 1382] dismissal ... was erroneous." (<u>Martin</u>, <u>supra</u>, 87 Cal.App.3d at p. 577.)

<u>People v. Creswell</u>, 2013 WL 2361011, at *3–*5.

A speedy trial is a fundamental right guaranteed the accused by the Sixth Amendment to the Constitution and imposed on the states by the Due Process Clause of the Fourteenth Amendment.  <u>Klopfer v. North Carolina</u>, 386 U.S. 213, 223 (1967).  No per se rule has been devised to determine whether the right to a speedy trial has been violated.  Instead, courts must apply a flexible "functional analysis," <u>Barker v. Wingo</u>, 407 U.S. 514, 522 (1972), and consider and weigh the following factors in evaluating a Sixth Amendment speedy trial claim: (1) length of the delay; (2) the reason for the delay; (3) the defendant's assertion of his right; and (4) prejudice to the defendant.  <u>Doggett v. United States</u>, 505 U.S. 647, 651 (1992); <u>United States v. Lam</u>, 251 F.3d 852, 855 (9th Cir.), <u>amended</u>, 262 F.3d 1033 (9th Cir. 2001).  None of the four factors are either a necessary or sufficient condition for finding a speedy trial deprivation.  <u>Barker</u>, 407 U.S. at 533.  They are related factors and must be considered together with such other circumstances as may be relevant.  <u>Id.</u>  The Ninth Circuit considers

United States District Court
For the Northern District of California

the second factor, i.e., the reason for the delay, the "focal inquiry." United States v. King, 483 F.3d 969, 976 (9th Cir. 2007) (citing United States v. Sears, Roebuck & Co., 877 F.2d 734, 739-40 (9th Cir. 1989)).

After applying the four Barker factors to Petitioner's case, the Court concludes that Petitioner has failed to show that his Sixth Amendment right to a speedy trial was violated. Petitioner has not shown that the state court decision was based on an unreasonable determination of the facts in light of the state court proceeding. Simply put, there is nothing in the record that indicates that the delay was due to trial court error. The record indicates that the trial court intended to hold the court trial on November 30, 2011. Docket No. 8-1 at 5. In addition, the trial court's recollection that defense counsel sought a continuance of the court trial on November 30, 2011 is supported by evidence in the record. Specifically, defense counsel conceded at the court trial that he did not learn that the remittitur had issued until after the November 30, 2011 hearing, and that at the time of that hearing, the appellate attorney informed defense counsel that there might be some action on Petitioner's appeal. Creswell, 2013 WL 2361011, at *3. Accordingly, the state court reasonably concluded that the delay was caused by Petitioner, which weighs against finding a violation of Petitioner's Sixth Amendment right to a speedy trial. See, e.g., King, 483 F.3d at 976 (delay due to defendant's request for continuance weighed "heavily" against finding a Sixth Amendment violation).

Moreover, Petitioner has also failed to show that the

12

state decision was contrary to, or involved an unreasonable application of, federal law.  Petitioner's court trial on his prior convictions was delayed 91 days due to Petitioner's request for a continuance because his appellate counsel incorrectly assumed that the remittitur had not issued and that there was no jurisdiction for the trial court to proceed.  Although Petitioner claims that he did not request a continuance and that the trial court only considered the Marsden issue at the November 30, 2011 hearing, Petitioner provides no evidence in support of his claim and the Court must defer to the state court's determination of the factual issues.  See 28 U.S.C. § 2254(e)(1).  Finally, there is no evidence that the delay resulted in actual prejudice to Petitioner.  The trial was on Petitioner's prior convictions and relevant only for the purposes of recidivist enhancements on his sentence.  The delay did not result in oppressive pretrial incarceration or impair Petitioner's defense regarding the truth of his prior convictions.  United States v. Gregory, 322 F.3d 1157, 1163 (9th Cir. 2003) ("Actual prejudice is typically demonstrated in three ways: 'oppressive pretrial incarceration, anxiety and concern of the accused, and the possibility that the [accused's] defense will be impaired.'") (alteration in original) (citing Doggett, 505 U.S. at 654).  This claim is denied.

IV

For the foregoing reasons, the petition for a writ of habeas corpus is DENIED.

Further, a Certificate of Appealability is DENIED.  See Rule 11(a) of the Rules Governing Section 2254 Cases.  Petitioner

has not made "a substantial showing of the denial of a constitutional right."  28 U.S.C. § 2253(c)(2).  Nor has Petitioner demonstrated that "reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong." Slack v. McDaniel, 529 U.S. 473, 484 (2000).  Petitioner may not appeal the denial of a Certificate of Appealability in this Court but may seek a certificate from the Court of Appeals under Rule 22 of the Federal Rules of Appellate Procedure.  See Rule 11(a) of the Rules Governing Section 2254 Cases.

The Clerk is directed to enter Judgment in favor of Respondent and against Petitioner, terminate any pending motions as moot and close the file.

IT IS SO ORDERED.

DATED      _02/18/2015_      _____
                            THELTON E. HENDERSON
                            United States District Judge

G:\PRO-SE\TEH\HC.14\Creswell 14-644 deny habeas.wpd

United States District Court
For the Northern District of California

14